MUSGROVE v. HUDSON.

On a question, whether or not a letter contains an acceptance of an order, the Court will look to the whole letter, and although it contains the words, "I shall accept," if from the whole, it appear no acceptance was intended, it will be construed as a refusal.

THIS action was originally brought before a justice of the peace of Walker county, by E. Hudson, against E. G. Musgrove, to recover fifteen dollars, the amount of an or-

der drawn be one Glasscock, in favor of Hudson, on Mus-
grove. The cause was brought by appeal into the County
Court. At the trial, Hudson, the plaintiff, to prove an ac-
ceptance of the order offered in evidence, a letter, written
by Musgrove to him, as follows: "Mr Elijah Hudson,
by these presents you will be informed, I do not know
what is the amount of the order that you have from Glas-
cock, whether it is for so much money, or for so many
head of cattle; but be it for what it may, I shall accept in
your hands, as I have an authorized agent in Blount coun-
ty, near to Glasscock, and I have had ever since last
spring, to settle with Glasscock on fair terms. The cattle
are here in possession, will stay here until Glasscock com-
plies with his contract, unless they are stolen," &c. The
defendant offered to prove by his own evidence on oath, that
there was a mistake in the letter, the letter not being under
seal, and the amount in controversy under twenty dol-
lars. The Court rejected this explanatory evidence, as
inadmissible, and gave judgment for the plaintiff, to which
the defendant excepted, and sued his writ of error to this
Court.

P. N. WILSON, for the plaintiff in error. Although the
words, "I shall accept," are found in the letter, yet its
whole tenor shews he did not thereby intend to ac-
cept it; the intent must govern in the construction, and
here the intention to accept is repelled. It does not ap-
pear that the defendant was indebted to the drawer, there-
fore if a promise at all, it is without consideration and
void. *a* If this position is not tenable, then we say
that the letter was ambiguous, and that parol evidence
should have been received to explain it. And on the
ground of mistake, parol evidence was proper, even to
contradict it. This being an appeal, and for a sum under
twenty dollars, the Court has all the powers of equity, and
consequently, that to relieve against a mistake. By our sta-
tute, the party himself was a competent witness, and in
several points of view, the evidence which was offered by
the defendant below, was admissible. *b*

ELLIS, contra. The question of the competency of the
party as a witness, does not arise here; the objection was
not as to his competency, but as to the admissibility of
what he offered to testify; he was rejected because he
offered to contradict by parol, written evidence; and that
too, made by himself, and in his own cause. It would be
dangerous in the extreme, however, under any circumstan-

Musgrove
v.
Hudson.

*a* 10 John. R.
412. 11 John.
221. 4 John.
296.
*b* 2 Starkie
Evid. 33, note
2. 3 Starkie
966,1029.1028
and Note.
Phillips' Ev.
77. Note B.
415. A. 2 Esp.
N. P, 528, 5.
259 Note.
2 Dallas 70,
80,170,173,180
196. 4 Dallas
132. 1 Term
182. 2 Term
371. 2 Vern.
98. 4 Cranch
172. 5 Vesey
87.7 Mass. R.
297.
1 Call. 419.
2 Ib. 239.
4 Esp. Cas,
189. 1 John.
Cas. 145.
2 John.R.378.
3 Ib. 319.
5 John. 68.
8 Ib. 339, 9 Ib.
310. 12 Ib.
513.16 Ib.14.

ces, to permit a party when charged on his own act, to contradict the writing by swearing what his intention was, and to say, although I informed you I did accept, yet my intention was otherwise. The rule of evidence cannot be denied, that parol proof cannot be received to contradict, vary, or add to an instrument in writing, but only to explain and elucidate it, and then only in case of a latent ambiguity. *a* Then is there such a latent ambiguity as authorizes explanation? The emphatic words are used, "I shall accept in your hands," and these leave no doubt. The latter part of the letter is too ambiguous and uncertain, to destoy the force of language so positive.

*a* 11 John. 201.
3 Starkie's
Ev. 1003.
1 Car. Law R .
263. 8 John.
375 Phillips'
Ev. Ch. 10.
11 Mass. R.
27.

By JUDGE COLLIER. We are of opinion that a just interpretation of the letter, is a refusal by the plaintiff in error, to accept the order of Glasscock. On the point, whether the mistake in the letter can be corrected by oral proof, as it is unnecessary to consider it, we forbear an expression of opinion.

Judgment reversed.